PEDRO PASTRANA REYES, Plaintiff and Appellant, *v.* ISABEL DÍAZ DÍAZ, Defendant and Appellee.

No. 8290. Argued November 14, 1941.—Decided November 25, 1941.

*Francisco González Fagundo* and *Antonio L. López* for appellant.
*P. Pérez Pimentel* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On April 17, 1941, we decided the case of *Guijarro v. Lluberas,* 58 P.R.R. 469, where, in construing Section 164 of the Civil Code, as amended by Act No. 14, approved March 14, 1939, to quote from the syllabus, we held that "the spouse who is deprived, by judgment rendered in a divorce suit, of the *patria potestas* over his minor child does not have the right to bring an action requesting that the *patria potestas* exercised by the innocent spouse be adjudged to be extinguished when the latter remarries. His only right . . . . is that of intervening and being heard with respect to the selection of a guardian for the minor."

In the case at bar, a judgment for the defendant was rendered by the lower court on October 17, 1940, that is, several months prior to the decision in the *Guijarro* case, *supra,* and the opinion of the judge contained the following:

"As the court has not been placed in a position to determine what, in its opinion, is best for the minor Ada Bisinia, inasmuch as no evidence was adduced in support of the seventh averment of the complaint, which was denied in the answer, concerning the conditions in which said minor is living necessitating for her protection the appointment of a guardian, a dismissal of the complaint lies, because we think that under section 164, *supra,* it is necessary to produce evidence placing us in a position to decide as to the welfare of the minor, since the mere fact that the defendant has remarried is not sufficient for depriving her of the *patria potestas* over her daughter Ada Bisinia."

Although the complaint could have been dismissed for lack of a cause of action, the judgment rendered by the lower court conforms to the decision in the *Guijarro* case, *supra,* where, after citing Section 164 of the Civil Code, we stated the circumstances that should exist in order to bring about the loss of the *patria potestas* by the innocent spouse who remarries, saying:

"The intention of the legislator has been, in our opinion, clearly expressed. Looking after the welfare and happiness of the minor and fearing that the latter might be compelled to live, against his will, with a stepfather or a stepmother who could illtreat him, the legislator provided that the spouse who kept the *patria potestas* over his or her minor children after a judgment of divorce, would lose it if he remarried and as long as this second marriage lasted. This loss of *patria potestas does not take place automatically as soon as the second marriage is celebrated.* Two essential requisites must be complied with before the *patria potestas* is lost: (a) that an action be brought in declarative proceedings by any of the persons called upon to exercise tutorship by operation of law; and (b) *that the court, after hearing the evidence,* reach the conclusion that it is convenient and beneficial for the minor that the loss of the *patria potestas* be decreed. As long as these two requisites are not complied with, the innocent spouse shall continue, in spite of the fact that he has remarried, to exercise the *patria potestas* which was given to him by the judgment of divorce." (Italics ours.)

Notwithstanding the insistence of appellant in his oral argument, he has failed to convince us that we should alter

in any way, the construction given by us to Section 164 of the Civil Code in the *Guijarro* case, *supra.* Inasmuch as the plaintiff has failed to introduce evidence in support of the averments of his complaint, the lower court correctly construed and applied section 164, *supra,* and therefore the judgment appealed from must be affirmed.